**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEERTI VARMAA, | DOCKET NUMBER |
| Appellant, | DC-0752-14-0732-I-4 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: May 2, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keerti Varmaa, Washington, D.C., pro se.

Julie A. Barry, Esquire, Daniel C. Carr, Esquire, and Byron D. Smalley, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The agency has filed a petition for review of the initial decision, which mitigated the agency's removal action to a 30-day suspension. For the reasons discussed below, we GRANT the agency's petition for review, DENY the appellant's cross-petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

Effective April 28, 2014, the agency removed the appellant from her position as a Financial Administrator and Program Specialist based on charges of (1) discourtesy or unprofessional behavior and (2) failure to follow management directives or instructions. *Varmaa v. Department of the Treasury*, MSPB Docket No. DC-0752-14-0732-I-1, Initial Appeal File (IAF), Tab 5 at 15-21, 36-39. She timely appealed her removal to the Board and requested a hearing. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision mitigating the agency's penalty to a 30-day suspension. *Varmaa v. Department of the Treasury*, MSPB Docket No. DC-0752-14-0732-I-4, Appeal File, Tab 17, Initial Decision (I-4 ID). The administrative judge found that the agency proved two of the three specifications of the charge of discourtesy or unprofessional behavior and sustained the charge. I-4 ID at 2-12. The administrative judge also found that the agency proved each of the five specifications of failure to follow management directives or instructions and sustained the charge. I-4 ID at 12-20. According to the administrative judge, the appellant failed to prove her affirmative defenses of discrimination on the bases of race, color, sex, or national origin; retaliation for prior protected equal employment opportunity activity; or retaliation for filing grievances. I-4 ID at 20-38. The administrative judge further found that the appellant proved that the agency had committed procedural error but had failed to show that the error was harmful, and she did not prove her allegations that the agency violated her due process rights. I-4 ID at 38-54. Next, the administrative judge found that there was a nexus between the charged misconduct and the efficiency of the service. I-4 ID at 54-55. Finally, the administrative judge found that the deciding official had failed to properly weigh the relevant factors in imposing the penalty of removal, and she found that a 30-day suspension was the maximum reasonable penalty for the sustained misconduct; accordingly, she mitigated the agency's penalty to a 30-day suspension. I-4 ID at 56-63.

The agency filed a petition for review of the initial decision in which it argued that it had discovered that the appellant was a reemployed annuitant at the time of her removal and was not entitled to appeal her removal to the Board; thus, the Board should dismiss the appeal for lack of jurisdiction. Petition for Review (PFR) File, Tab 1 at 7-8. Alternatively, the agency argued that the administrative judge erred in mitigating the penalty. *Id.* at 8-28. The appellant filed an opposition to the agency's petition for review and a cross-petition for review in which she argued, collectively, that the Board should retain jurisdiction over the appeal in the interests of judicial efficiency, that mitigation of the penalty was proper, and that the administrative judge erred in finding that the appellant did not prove her affirmative defense of retaliation for filing grievances. PFR File, Tab 7. The agency responded to the appellant's opposition and cross-petition.[2] PFR File, Tabs 8, 11.

The Acting Clerk of the Board issued an order directing the appellant to show cause why her appeal should not be dismissed for lack of jurisdiction. PFR File, Tab 16. In her response to the order, the appellant has conceded that she was a reemployed annuitant at the time of her removal but renews her argument that the Board should retain jurisdiction over the appeal in the interests of judicial efficiency.[3] PFR File, Tab 17 at 4. The agency opposes the appellant's request for the Board to retain jurisdiction over this matter. PFR File, Tab 19 at 5-7.

---

[2] The appellant also filed a request for leave to file a reply to the agency's response to the appellant's cross-petition for review. PFR File, Tab 14. The appellant requested leave to respond to the agency's argument that if the deciding official sustained a charge without knowing it to be true, the fact does not per se indicate retaliatory motive. *Id.* at 4. Because we find that the Board lacks jurisdiction over the appeal and dismiss it, the appellant's motion is denied.

[3] The appellant also filed a motion to dismiss the agency's petition for review on the basis that the agency had failed to fully comply with the interim relief order. PFR File, Tab 18. The agency has responded in opposition to the motion. PFR File, Tab 20. Again, because the Board lacks jurisdiction to adjudicate this appeal, the appellant's motion is denied.

## DISCUSSION OF ARGUMENTS ON REVIEW

Generally, the Board will not consider evidence or argument submitted for the first time on review absent a showing that it was unavailable before the record closed despite the party's due diligence, but the issue of the Board's jurisdiction is always before the Board and may be raised by either party, or sua sponte by the Board, at any time during a Board proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010); 5 C.F.R. § 1201.115.

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Under 5 U.S.C. § 3323(b)(1), an annuitant, as defined by section 8331 or 8401 of Title 5, is not barred by reason of her retired status from employment in an appointive position for which she is qualified. An annuitant so reemployed, however, serves at the will of the appointing authority. 5 U.S.C. § 3323(b)(1); *see Vesser v. Office of Personnel Management*, 29 F.3d 600, 604 (Fed. Cir. 1994); *Garza v. Department of the Navy*, 119 M.S.P.R. 91, ¶ 7 (2012). Generally, such an employee has no right to appeal an adverse action to the Board. *Garza*, 119 M.S.P.R. 91, ¶ 7.

On review, the agency submitted three Standard Form 50s (SF-50s) reflecting the appellant's status as a reemployed annuitant. PFR File, Tab 1 at 54-56. In particular, the appellant's July 2007 SF-50 reflects that the agency provided the appellant with career reinstatement to the position of Financial Administrator and Program Specialist and designated her as a reemployed annuitant. *Id.* at 54. The appellant's April 2014 SF-50 effecting her removal also reflected that she was a reemployed annuitant. *Id.* at 56; IAF, Tab 5 at 15. The agency also provided verification from the Office of Personnel Management that the appellant began receiving an annuity in June 2007 and continued to receive it through December 2017. PFR File, Tab 6 at 9. The appellant has conceded that she is a reemployed annuitant and does not have the right to appeal an adverse action to the Board. PFR File, Tab 17 at 4. Accordingly, we conclude that the

appellant is a reemployed annuitant and that the Board lacks jurisdiction over the instant appeal.

The appellant nevertheless argues that the Board should retain jurisdiction over her appeal in the interests of judicial efficiency. PFR File, Tab 7 at 4-6, Tab 17 at 4. She contends that she will refile her claims before the Equal Employment Opportunity Commission, which will require the relitigation of her claims before the Board. PFR File, Tab 7 at 5. The case the appellant cites in support of her argument, *Johnson v. Department of Defense*, 95 M.S.P.R. 192 (2003), does not support her contention that the Board may retain jurisdiction over the instant matter. PFR File, Tab 7 at 5-6. In *Johnson*, the Board concluded that the appellant had failed to make a nonfrivolous allegation that her alleged disclosures were a contributing factor in her termination and dismissed her individual right of action appeal for lack of jurisdiction. *Johnson*, 95 M.S.P.R. 192, ¶¶ 10-12. Additionally, the Board in Johnson concluded that the posture of the appeal presented unique circumstances such that the Board made alternative findings in order to inform its reviewing court "of what we would find on the merits if we had jurisdiction over this appeal in the event the appellant seeks court review and the court disagrees with our jurisdictional findings." *Id.*, ¶¶ 12-13. We do not find that such unique circumstances are present here and, in dismissing this matter for lack of jurisdiction, decline to make alternative findings on the merits of the appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.